IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HENRY A. HARMON                                                                                          PLAINTIFF

V.                                             NO. 5:15CV00397 DPM/PSH

JONATHAN J. WHITE, KEITH DAY,
and JARED BYERS                                                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following Proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Plaintiff Henry A. Harmon  ("Harmon"), an Arkansas Department of Correction ("ADC") inmate, filed a complaint on December 29, 2015, alleging he was stabbed repeatedly by another inmate on July 29, 2015, and the defendants failed to protect him from the attack.  Specifically, Harmon claims his injuries resulted from "gross negligence, deliberate indifference, egregious failure to protect."  Complaint, page 4.  The three individuals sued by Harmon are ADC employees at the Cummins Unit, where the attack occurred.

1

The defendants, Jonathan J. White ("White"), Keith Day ("Day"), and Jared Byers ("Byers") seek summary judgment, alleging Harmon failed to exhaust his available administrative remedies prior to filing this lawsuit.

**Relevant Facts**

Harmon alleges he informed White, a corporal at the Cummins Unit, of the stabbing around noon on July 29, 2015. According to Harmon, White failed to call an emergency code, failed to provide supervision in the open barracks from the control booth, and allowed another inmate to be in the control booth at the time of the attack, against ADC policy. He states White's failures recklessly exposed him to the attack from another inmate (not the inmate in the control booth). Harmon faults defendant Byers, the assistant warden, for staffing deficiencies and failing to adequately train employees, which he believes resulted in the attack. Defendant Day, a Cummins Unit captain, is alleged to have arrived at the scene of the attack within minutes, placing Harmon in handcuffs and escorting Harmon to building security where he was interviewed. Harmon contends the handcuffing by Day was a violation of ADC policy. In addition, Harmon alleges Day's actions delayed the receipt of medical services. According to the complaint, Day took photos of the stab wounds, but did not do a thorough search for stab wounds. As a result, Harmon later realized he had been stabbed in his left hand, right hip/buttocks area and in his stomach. Harmon states he was later charged with battery in connection with the incident, but was found not guilty of the disciplinary charge.

Attached to the complaint are two grievances executed by Harmon on August 3 and August 5, 2015. In the grievances Harmon complains that his medical problems stemming from the July 29 attack are not resolved. A response to the August 5 grievance was made, and Harmon's signature

shows he received this response on August 13. Elsewhere in the complaint, Harmon concedes that he did not fully exhaust the administrative grievance procedure. Complaint, page 3. He explains that he did not exhaust his administrative remedies because "they wouldn't respond or answer my grievances to these matters after incidents occurred." Complaint, page 3.

We now consider if summary judgment is warranted in this case based upon the contention of White, Day, and Byers that Harmon failed to exhaust his administrative remedies as to them. Harmon has filed numerous responses to the motion for summary judgment. Docket entry nos. 41, 43-46. In these pleadings, Harmon does not depart from the admission in his complaint that he did not fully exhaust his remedies.

In support of their claim that Harmon failed to exhaust his administrative remedies, the defendants offer the declaration of Barbara Williams ("Williams"), the ADC's Inmate Grievance Supervisor. Docket entry no. 37-2. Williams states that Harmon submitted two grievances, but appealed neither of them. Further, Williams notes that Byers and Day were not named in either of the grievances. The Court has carefully reviewed the grievances in issue.

For the reasons set forth below, we recommend the motion for summary judgment of White, Day, and Byers be granted due to Harmon's failure to exhaust his administrative remedies.

**Standard of Review**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence

in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**Analysis**

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 922-923. It merely requires compliance with prison grievance procedures to properly exhaust. *See id*. at 922-23. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy.

*See id*. at 923-924.  ADC grievance policy provides for a three-step procedure to be followed. (Docket entry no. 37-1, pages 5-12).  Step One directs inmates to attempt informal resolution of a problem by executing a grievance form.  Harmon followed this directive in filing his grievances on August 3 and 5.  Step Two of the process directs an inmate to file a formal grievance if dissatisfied with the response to Step One.  A response to the formal grievance is to be given within five working days after receipt. Step Three allows for an appeal of an unsatisfactory result at Step Two.

Here, Williams states there is no evidence that Harmon proceeded beyond Step One.  Thus, he did not comply with the ADC policy and did not exhaust the available administrative remedies. Harmon claims he did not proceed beyond Step One because he did not get a response to his informal grievance efforts.  Even assuming this to be true, the ADC grievance policy provides as follows:

> If the designated problem-solver . . . has failed to contact the inmate and attempt resolution of the complaint or failed to return Step One (the grievance) within the designated three working days, the inmate may proceed to Step 2, the formal grievance, without the completion of Step 1. In that instance, Step 2, the formal grievance, must be filed no later than six (6) working days from the submission of the Unit Level Grievance Form pursuant to Step 1: this allows three (3) working days to wait for a response to Step 1, and three (3) working days to initiate Step 2.

Docket entry no. 37-1, pages 7-8.  Thus, ADC policy allowed Harmon to continue with the administrative remedy procedure despite receiving no response to his informal grievances within the required time for response.  Because Harmon failed to proceed to Step Two when he did not receive a timely response to his informal complaint, he failed to exhaust his administrative remedies.

ADC administrative exhaustion policy also states that "[g]rievances must specifically name each individual involved for a proper investigation and response to be completed by the

ADC. ... Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed" for failure to exhaust (Docket entry no. 37-1, pages 4-5). Additionally, the grievance forms themselves state that inmates must identify the names of personnel involved. *Id.*, page 19. A review of the informal grievances filed by Harmon shows that Day and Byers are not mentioned in either. Thus, even had Harmon properly appealed and exhausted his two grievances through Step Three, his claims would still have not been exhausted as to Day and Byers.

All three defendants have raised the defense of non-exhaustion, and have satisfied their burden. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (*per curiam*). Harmon did not comply with the ADC policy in fully raising his claims. It is "the prison's requirements, not the PLRA, that defines the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (1999). Because Harmon failed to exhaust his available remedies with regard to all defendants, we recommend the motion for summary judgment be granted. Defendants Day and Byers are entitled to summary judgment for an additional reason, since neither were named in the informal grievances Harmon filed.

## Conclusion

For the reasons stated herein, we recommend the motion for summary judgment filed by White, Day, and Byers be granted and the case be dismissed without prejudice.

DATED this 18th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE